**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BP AMERICA PRODUCTION CO. | CIVIL ACTION NO. 08-1895 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| R.D. BRISCOE, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 8) filed by Defendant R.D. Briscoe, Inc. ("R.D. Briscoe"). The motion is based on Rule 12(b)(3), Rule 12(b)(6), and abstention/stay. See id. Alternatively, R.D. Briscoe seeks a transfer of venue or a more definite statement pursuant to Rule 12(e). See id. Plaintiff BP America Production Company ("BP America") opposed the motion. See Record Document 11. For the reasons which follow, the motion is **DENIED** in all respects.

**I.    BACKGROUND.**

BP America filed suit on December 4, 2008 to recover payments mistakenly paid to R.D. Briscoe. See Record Document 1, ¶ 1. BP America further alleged that it and R.D. Briscoe had an interest in the production and marketing of natural gas from real property[1] located in De Soto Parish, Louisiana. See id., ¶ 5. BP America averred that it had no direct contractual relationship with R.D. Briscoe. See id.

BP America specifically alleged that from July 2005 through December 2005, it mistakenly paid R.D. Briscoe $270,565.04. See id., ¶ 6. BP America filed suit pursuant to Louisiana Civil Code Article 2299, maintaining that R.D. Briscoe was "enriched from the mistaken payments" and invoking a ten year prescriptive period. Id., ¶¶ 7-8, 10. BP

---

[1] The real property is identified in the complaint as "James RB SU F: Loftus 1-36 and James RB SU G (Wood Spring Timber)." Record Document 1, ¶ 5.

America sent four letters to R.D. Briscoe seeking restoration and recovery of the mistaken payments. See id., ¶ 9. R.D. Briscoe never responded. See id.

R.D. Briscoe filed the instant motion on January 5, 2009, seeking dismissal of BP America's complaint. See Record Document 8. Alternatively, R.D. Briscoe sought a stay, transfer of venue, or a more definite statement pursuant to Rule 12(e). See id.

## II.  LAW AND ANALYSIS.

### A.  Venue.

In its complaint, BP America invokes diversity jurisdiction and alleges that venue is proper in the Western District of Louisiana, Shreveport Division because the location of the property subject to dispute, and the basis of the mistaken payments, is located in DeSoto Parish, Louisiana. Record Document 1, ¶ 4.[2] BP America is clearly proceeding under 28 U.S.C. § 1391(a)(2), which provides:

> (a)  A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . .
>
> > (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or ***a substantial part of property that is the subject of the action is situated***.

28 U.S.C. § 1391 (emphasis added).

Pursuant to Rule 12(b)(3), R.D. Briscoe has disputed venue. Once a defendant challenges venue by motion, the burden is on the plaintiff to show that the chosen venue is a proper one. See McCaskey v. Continental Airlines, Inc., 133 F.Supp.2d 514, 523 (S.D.Tex. 2001). If no evidentiary hearing is held, the Court will accept as true undisputed

---

[2]The Shreveport Division is comprised of Bienville, Bossier, Caddo, Claiborne, DeSoto, Red River, Sabine, and Webster parishes.

facts in the plaintiff's pleadings, resolve any conflicts in the evidence plaintiff's favor, and afford the plaintiff the benefit of the doubt when determining the governing facts. See Univ. Rehab. Hosp., Inc. v. Int'l Coop. Consultants, Inc., No. 05-1827, 2006 WL 1098905, *1 (W.D.La. April 24, 2006).

Here, R.D. Briscoe argued that venue is improper because the DeSoto Parish wells have nothing to do with the alleged overpayment. Record Document 8-2 at 2. Specifically, R.D. Briscoe noted that any alleged overpayment was not made in DeSoto Parish and that the payments issued from Tulsa, Oklahoma to Wyoming. See id. at 2-3.

The Court finds that venue in the Western District of Louisiana, Shreveport Division is proper. As noted by BP America, the DeSoto Parish wells, the extraction of natural gas, and production determine what payments, if any, R.D. Briscoe is entitled to receive. The DeSoto Parish wells are necessarily the starting point in the chain of events that resulted in the mistaken payments from BP America to R.D. Briscoe – if no production from the wells, then no reason for payments. Simply put, there would be no litigation but for the oil and gas operations in DeSoto Parish. Thus, venue is proper in the Western District of Louisiana, Shreveport Division as it is a judicial district in which a substantial part of property that is the subject of the action is situated. The motion to dismiss on the grounds of improper venue is **denied**.

The Court likewise finds that R.D. Briscoe's alternative argument based on forum non conveniens fails. The Fifth Circuit has adopted the private and public interest factors test as the appropriate means to determine whether a 28 U.S.C. § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice. See In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008). The private interest

factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. See id. The public interest factors are: (1) the administrative difficulties flowing from the court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. See id.

The Court need not reach a detailed analysis of the aforementioned factors as it finds that R.D. Briscoe's motion is based on conclusory statements of "inconvenience" with little or no evidentiary support. In its motion, R.D. Briscoe argued:

> There are no witnesses in this District. . . . There is no evidence in this District. . . . The Western District of Louisiana is an unreasonable and terribly inconvenient forum to the litigants and witnesses as to the evidence and testimony pertinent to this action.

Record Document 8-2 at 6, citing Exhibit A (Affidavit of Rick D. Briscoe). As mentioned by BP America, the only known witness residing in Wyoming is Rick D. Briscoe and many of its witnesses are located in Tulsa, Oklahoma and Houston, Texas. See Record Document 11 at 5. The Court further notes that the discovery phase of this case is ongoing. Thus, based on the showing made by R.D. Briscoe, the Court cannot conclude that transferring venue from Louisiana to Wyoming would serve to protect the litigants, witnesses, and the public from unnecessary expense, burden, and inconvenience. The motion for a Section 1404(a) venue transfer is **denied**.

B.     **Abstention or Stay.**

R.D. Briscoe further asserted that this action should be dismissed on the federal doctrine of Colorado River abstention or, at a minimum, should be stayed because BP America did not disclose a related action pending in the First Judicial District Court, in and for Caddo Parish, Louisiana. See Record Document 8-2 at 8. R.D. Briscoe specifically argued that abstention or stay is proper because "it is very likely that adjudication of the issues in state court and federal court would result in conflicting rulings." Id. at 11.

Under Colorado River, a district court may abstain from a case only under "exceptional circumstances." Colo. River Water Conservation Dist. v. U.S., 424 U.S. 800, 813, 96 S.Ct. 1236 (1976). Colorado River abstention is applied to avoid duplicative litigation when parallel proceedings are pending in federal and state court. See Diamond Offshore Co. v. A & B Builders, 302 F.3d 531, 538-40 (5th Cir. 2002). Federal and state court actions are parallel under the doctrine if they involve the same parties and the same issues. See id. at 540. Here, BP America is not involved in the state court action, as it has not been named or served with process. See Record Document 11 at 6. This fact alone defeats R.D. Briscoe's abstention/stay argument. Because exceptional circumstances warranting abstention or stay are not present in this case, the motion is **denied** on this ground.

C.     **Failure to State a Claim upon Which Relief Can Be Granted.**

R.D. Briscoe has also moved to dismiss BP America's claim under Article 2299, arguing that BP America has no right of action or cause of action to bring a claim for unjust enrichment; BP America's claim has prescribed; and Texas, not Louisiana, substantive law

applies to the instant matter. See Record Document 8-2 at 13-18. For the reasons which follow, the Rule 12(b)(6) motion is **denied**.

In deciding a Rule 12(b)(6) motion to dismiss, the district court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Notwithstanding, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Id., citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

R.D. Briscoe argued that Texas, not Louisiana, substantive law applies in this matter because Texas has the "most significant relationship to this controversy," namely because the payments were generated and sent from Texas. Record Document 8-2 at 18. The Court disagrees. As noted previously, Louisiana has a connection and significant relationship to this lawsuit. The predicate facts giving rise to this lawsuit occurred in DeSoto Parish, Louisiana, i.e., the location of the gas wells, the exploration and production of a Louisiana natural resource, and the gas production which was the basis of the mistaken payments. Moreover, pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938), Louisiana substantive law must be applied as this Court is sitting in diversity.

BP America's complaint stated a cause of action under Article 2299. See Record Document 1, ¶ 8. Article 2299 provides that "[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." La. C.C. Art. 2299. The Revision Comments of Article 2299 clearly state that the remedy provided by the article is not subsidiary and is available even if other remedies are also available. See id., Comment (c). The factual allegations in the complaint easily raise a right to relief above the speculative level under Article 2299, as BP America alleged that it mistakenly paid R.D. Briscoe $270,565.04 and that it sent four letter to R.D. Briscoe seeking restoration and recovery, to which R.D. Briscoe never responded. See Record Document 1, ¶¶ 5-11.

Finally, the Court finds that BP America has plead enough facts to survive R.D. Briscoe's prescription challenge. The facts alleged in the complaint, which must be accepted as true at this stage of the litigation, reveal that BP America's claim is not based upon the tort of conversion,[3] but rather a claim for restitution of a payment not due. Such claim is a quasi contractual theory with a prescriptive period of ten years under Louisiana Civil Code Article 3499.[4] See Julien v. Wayne, 415 So.2d 540, 542 (La.App. 1 Cir. 1982) ("A claim for restitution of payment not due is based on the doctrine of quasi-contract, which prescribes only by prescription of ten years."). Thus, BP America's claim pursuant to Article 2299 was timely filed.

---

[3] See Record Document 11 at ¶¶ 16-17, citing Dual Drilling Co. v. Mills Equipment Investments, Inc., 1998-0343 (La.12/01/98), 721 So.2d 853.

[4] Article 3499 states that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

### D. Motion for a More Definite Statement.

Pursuant to Rule 12(e),[5] R.D. Briscoe has moved for a more definite statement. However, the Court finds that BP America has complied with Rule 8, as the complaint contained a short and plain statement of the claim asserted. BP America's complaint provided R.D. Briscoe with fair notice of the claim under Article 2299. The Motion for a More Definite Statement is **denied**.

### E. Claim for Attorney Fees.

R.D. Briscoe also moved for dismissal of BP America's claims for attorneys' fees and non-specified expenses, arguing that there was no contractual or statutory basis for such claims. See Record Document 8-2 at 20. In its opposition, BP America withdrew its claims for attorneys' fees and unspecified expenses. See Record Document 11 at 13. Thus, the Motion to Dismiss is now **moot** as to this issue.

## III. CONCLUSION.

Based on the foregoing analysis, the Motion to Dismiss filed by R.D. Briscoe is **DENIED** in all respects. Venue is proper in the Western District of Louisiana, Shreveport Division and a Section 1404(a) venue transfer is not warranted. Likewise, exceptional circumstances justifying abstention or stay are not present in this case. R.D. Briscoe's Rule 12(b)(6) motion fails as BP America has plead enough facts for its Article 2299 claim to proceed. The motion for a more definite statement also fails, as BP America's complaint

---

[5] Rule 12(e) provides, in pertinent part:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

provided R.D. Briscoe with fair notice of the Article 2299 claim. BP America withdrew its claims for attorneys' fees and unspecified expenses, thus the motion to dismiss filed on this ground is denied as moot.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of September, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE