**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

BP AMERICA PRODUCTION COMPANY          CIVIL ACTION NO. 08-cv-1895

VERSUS          JUDGE ELIZABETH ERNY FOOTE

R. D. BRISCOE, INC.          MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

BP America Production Company (hereinafter "BP") filed a claim against R. D. Briscoe for a mistaken payment of $270,565.04.  R. D. Briscoe has filed counterclaims against BP and a third-party demand against EOG Resources, Inc. ("EOG") alleging that BP and EOG under-measured, under-calculated, and under-payed royalties due to R. D. Briscoe for oil and gas produced on lands leased by R. D. Briscoe.  Intervenors, collectively the Baker Group, have filed claims against BP and EOG on identical grounds. BP has filed a Motion to Dismiss, or to Stay, R. D. Briscoe's Counterclaims Against BP on the Federal Doctrine of Abstention under <u>Colorado River</u>.  [Record Document 49].  For the reasons stated herein, this Court **DENIES** BP's Motion to Dismiss/Stay R. D. Briscoe's Counterclaims Based on the Federal Doctrine of Abstention.

## I. CLAIMS AND PROCEDURAL HISTORY

On December 4, 2008, BP filed a complaint in this Court against R. D. Briscoe for mistaken tender of $270,565.04.  (Compl. ¶ 6).  Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.  R. D. Briscoe filed counterclaims against BP and a

Page 1

third-party complaint against EOG for damages arising out of an alleged improper under-calculation of oil produced by EOG on lands leased by R. D. Briscoe and owned by the Baker Group.  R. D. Briscoe and the Baker Group allege that BP and EOG understated oil produced, commingled higher quality oil with lower quality oil, over-charged them for production and transportation costs, and under-payed royalties due to them.  R. D. Briscoe counterclaims that BP and EOG improperly calculated the payments due to R. D. Briscoe, and by incorporation to the Baker Group, by not paying "wellhead prices."  R. D. Briscoe and the Baker Group allege that BP and EOG "charged" them for transportation and processing costs that occurred downstream, contrary to the parties' agreement.  (Countercl. ¶¶ 19, 21-22).  Moreover, R. D. Briscoe and the Baker Group allege that BP and EOG understated the flow of oil and gas from the wells on the property and improperly commingled the oil and gas from different "zones."  (Countercl. ¶ 34).  R. D. Briscoe's counterclaims allege a breach of contract, conversion, breach of fiduciary duty, tortious interference with contract, unfair trade practices under the Louisiana Unfair Trade Practices Act, fraud and misrepresentation, and "other acts and omissions to be proven at trial on the merits."  (Countercl. ¶ 67).

On November 19, 2007, prior to the filing by BP of its claims, or by R. D. Briscoe of its counterclaims, R. D. Briscoe and the Baker Group, collectively as plaintiffs, filed state claims against EOG, solely.  (Petition, R. D. Briscoe, Inc. v. EOG Resources, Inc., No. 516801-B (1st Judicial Dist. Ct., Caddo Parish, Nov. 19, 2007)).  R. D. Briscoe and the Baker Group's initial state claims against EOG are functionally identical to the

federal counterclaims by R. D. Briscoe, and the claims in intervention by the Baker Group, against BP in federal court.  From the documents in the record, it appears that R. D. Briscoe and the Baker Group have obtained some discovery from EOG, namely the Spider Field James Lime Development Agreement between EOG and BP, in the state court proceeding.

On January 5, 2009, after BP filed its mistaken tender claim against R. D. Briscoe in this Court, R. D. Briscoe filed a motion to dismiss the federal claim against it under Rule 12(b)(3), 12(b)(6) and based on the doctrine of abstention.  R. D. Briscoe argued that abstention, or a stay, is proper under Colorado River because "it is very likely that adjudication of the issues in state court and federal court would result in conflicting rulings."  BP Am. Prod. Co. v. R. D. Briscoe, Inc., 2009 WL 2849528, *3 (W.D. La. Sept. 2, 2009).  Judge Hicks denied R. D. Briscoe's motion to dismiss.  Judge Hicks noted that Colorado River abstention is applied to avoid duplicative litigation when parallel proceedings are pending in state and federal court, but that state and federal court proceedings are parallel only "if they involve the same parties and the same issues." Id.  Because at this point BP was not a party to the state court action, the proceedings could not be parallel.  Id.  Therefore, on September 2, 2009, Judge Hicks denied R. D. Briscoe's motion for dismissal or a stay based on Colorado River abstention.

Next, on March 24, 2010, R. D. Briscoe and the Baker Group filed, with leave of the state court, an amended and supplemental state court petition against both EOG and BP.  (First Amended & Suppl. Petition, R. D. Briscoe, Inc. v. EOG Resources, Inc.,

No. 516801-B (1st Jud. Dist. Ct., Caddo Parish, Mar. 24, 2010)).  The petition does not change the essential claims, but rather simply joins BP to the state court action.

On June 28, 2010, R. D. Briscoe requested leave of this Court to file counterclaims against BP and a third-party complaint against EOG.  [Record Document 38].  These claims, again, are essentially identical to the claims in the state court action.  Magistrate Judge Hornsby granted the motion for leave to file the counterclaims and third-party demand on June 29, 2010.[1]

On August 6, 2010, BP filed two motions to dispose of the counterclaims by R. D. Briscoe in federal court.  First, BP filed a Motion to Dismiss R. D. Briscoe's Counterclaims, or In the Alternative, for a Stay of the Counterclaims, on the Federal Doctrine of Abstention.  [Record Document 49].  Second, BP filed a Motion to Dismiss R. D. Briscoe's Counterclaims under Federal Rule of Civil Procedure 12(b)(6), or In the Alternative, Motion For More Definitive Statements under Federal Rule of Civil Procedure 12(e).  [Record Document 50].  This Court, in this Memorandum Order, addresses only the former: BP's Motion to Dismiss R. D. Briscoe's Counterclaims, or In the Alternative, for a Stay of the Counterclaims, based on the Federal Doctrine of Abstention.

## II. LAW AND ANALYSIS

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them.  See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116

---

[1]Additionally, on June 28, 2010, the Baker Group filed a motion to intervene in the federal court action.  [Record Document 37].  The Baker Group's intervening complaint is, again, essentially identical to the state court claims against BP and EOG.  This Court granted the Baker Group's motion to intervene on November 3, 2010.  [Record Document 86].

S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996) ("[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) ("Abstention from the exercise of federal jurisdiction is the exception, not the rule.").  A federal court may abstain from the exercise of jurisdiction only in "'exceptional circumstances,' 'where denying a federal forum would clearly serve an important countervailing interest,'" such as "considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise-judicial administration.'" Quackenbush, 517 U.S. at 716, 116 S.Ct. at 1721 (quoting Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246).  As a general rule, the Colorado River abstention doctrine applies only where there are "parallel proceedings" pending in federal and state court. Brown v. Pacific Life Ins. Co., 462 F.3d 384, 395 n.7 (5th Cir. 2006) (citing RepublicBank Dallas, Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987)). Suits are "parallel" if they involve "the same parties and the same issues." RepublicBank, 828 F.2d at 1121 (quoting PPG Indus., Inc. v. Cont'l Oil Co., 478 F.2d 674, 682 (5th Cir. 1973)).  However, abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colorado River, 424 U.S. at 813, 96 S.Ct. at 1244.

In Colorado River, the Supreme Court set forth six factors that should be considered by a federal court in determining whether "exceptional circumstances" exist:

(1) assumption by either state or federal court over a res;

(2) relative inconvenience of the fora;

(3) avoidance of piecemeal litigation;

(4) order in which jurisdiction was obtained by the concurrent fora;

(5) extent federal law provides the rules of decision on the merits; and

(6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Brown, 462 F.3d at 395 (citing Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006)); see also, Wilton v. Seven Falls Co., 515 U.S. 277, 285-86, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995).  No one factor is necessarily determinative; rather, these factors should be carefully balanced, "with the balance heavily weighted in favor of the exercise of jurisdiction."  Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983).  The balancing is done on a case-by-case basis.  Id.

The first inquiry in our analysis is whether the state and federal claims are parallel.  Certainly, the claims by R. D. Briscoe and the Baker Group against BP are parallel.  The R. D. Briscoe and Baker Group claims in both federal and state courts involve the same parties and involve the same issues.  In both the state and federal claims, R. D. Briscoe sued BP for breach of contract arising from BP's alleged under-measurements, over-charges, and under-payments.  R. D. Briscoe alleges in both suits that BP improperly charged R. D. Briscoe for downstream production costs and breached the contract between the parties by failing to pay the "wellhead price."

Additionally, R. D. Briscoe alleges in both its state petition and federal counterclaim that BP misstated the level of oil and gas production on the property, and commingled oil and gas between differing zones.  R. D. Briscoe's state and federal claims include: (a) breach of contract; (b) breach of fiduciary duties; (c) failure to pay market price for and conversion of gas/oil; (d) mis-measurement of gas/oil; (e) mis-reporting of gas/oil measurements; (f) underpayment of revenues owed R. D. Briscoe; (g) wrongful assessment of transportation, other after-wellhead charges, and other post-production charges; (h) underpayment of contracted rate of payment for measured units of gas/oil; (i) failure to credit volume for BTU content; (j) misrepresentation and deception; (k) tortious interference with contractual relations; (l) fraud.  (Countercl. ¶ 67; First Amended & Suppl. Petition ¶¶ 60, 60.A, R. D. Briscoe, Inc. v. EOG Resources, Inc., No. 516801-B (1st Jud. Dist. Ct., Caddo Parish, Mar. 24, 2010)).  R. D. Briscoe does include one additional claim against BP in the federal action which is not included in the state action: that BP engaged in unfair and deceptive trade practices. This additional theory of recovery alone is insufficient to render the federal counterclaim not parallel to the state court case.

A difference between the state and federal court cases is that BP has not yet filed a claim for mistaken tender in the state court case. However, out of an abundance of caution, this Court will assume the two cases are "parallel" within the meaning of Colorado River and will analyze whether abstention is appropriate pursuant to the Supreme Court's criteria in that case.

Thus, this Court must balance the six <u>Colorado River</u> factors to determine whether this case presents "exceptional circumstances" warranting abstention.  BP argues that R. D. Briscoe's counterclaims "seek to tangle" BP's "simple Article 2299 claim" with duplicative litigation.  BP argues that this court should dismiss or stay R. D. Briscoe's counterclaims on the doctrine of abstention to avoid piecemeal litigation, to prevent the risk of contradictory rulings, and to preserve judicial resources. However, applying <u>Colorado River</u> to this case, the factors do not weigh in favor of abstention.  Following, these factors are reviewed individually.

1. <u>Assumption by State Court Over a Res</u>.  Neither the state nor federal court has taken control over any res or property.  R. D. Briscoe's counterclaim does not concern an interest in minerals or property, but rather constitutes a claim for damages only.  This factor is not merely a neutral item, but rather weighs against abstention. <u>Stewart</u>, 438 F.3d at 492 (holding that the fact that no court has taken control over a res "supports exercising federal jurisdiction").

2. <u>Inconvenience of the Fora</u>.  This factor is primarily concerned with the inconvenience and costs that parties incur when the state and federal actions are litigated in locations that are geographically disparate.  When the state and federal courts are in the same geographic location, the inconvenience factor weighs against abstention.  <u>Stewart</u>, 438 F.3d at 492.  Here, the state court action is in the First Judicial District Court, Caddo Parish, Louisiana, before Judge Scott Crichton.  The state and federal courthouses are both located in Shreveport, Louisiana.  Therefore, this

factor supports exercising federal jurisdiction and weighs against abstention.

      3. Avoidance of Piecemeal Litigation.  A goal of Colorado River abstention is to prevent piecemeal litigation, but not duplicative litigation.  "The real concern at the heart of the third Colorado River factor is the avoidance of piecemeal  litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650-51 (5th Cir. 2000).  In contrast, duplicative litigation, "wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." Id.  In this case, there is a danger of piecemeal litigation, simply because BP has not filed a counterclaim in the state court action for the mistaken tender.  If BP did file such a counterclaim in state court, the state and federal actions would be mirror images of each other.  For the parallel claims by R. D. Briscoe against BP, the principle of res judicata will eliminate the problem of inconsistent judgments.  Moreover, when no court has assumed jurisdiction over a disputed res, there is no danger of piecemeal litigation with respect to a piece of property, and the concerns of the third factor of Colorado River are absent.  Id. Therefore, there is no danger of piecemeal litigation as to R. D. Briscoe's counterclaim. This factor supports exercising federal jurisdiction and weighs against abstention.

      4. Order in Which Jurisdiction was Obtained.  This factor does not merely amount to a determination of which complaint was filed first.  Rather, the inquiry is into "how much progress has been made in the two actions." Evanston Ins. Co. v. Jimco,

Inc., 844 F.2d 1185, 1190 (5th Cir. 1988) (quoting Moses Cone, 460 U.S. at 21, 103 S.Ct. at 940).  The Supreme Court has emphasized that a factor favoring dismissal is "the apparent absence of any proceedings in the District Court, other than the filing of the complaint." Colorado River, 424 U.S. at 820, 96 S.Ct. at 1247-48.  BP notes that R. D. Briscoe first filed its state court claim against BP on March 24, 2010, and then filed its federal counterclaim against BP on June 28, 2010. It is to be remembered that BP originally invoked the jurisdiction of the federal court by filing its action on December 4, 2008.  The record does not indicate how far the state court action has proceeded. However, there has at least been some minimal discovery in the state court action between R. D. Briscoe and EOG.  This federal court action has not proceeded to the discovery stage.  This Court has ruled on various motions by R. D. Briscoe and is now considering BP's motion to dismiss.

BP, who is arguing for abstention, bears the burden of showing that abstention is warranted.  At best, this factor is neutral.

5. Extent Federal Law Governs the Case.  "[T]he presence of state law issues weighs in favor of surrender only in rare circumstances." Black Sea, 204 F.3d at 651.  This case concerns state law only.  The case is being heard under this Court's exercise of diversity jurisdiction.  However, BP has not shown any "rare circumstances" that warrant abstention on R. D. Briscoe's counterclaims.  Therefore, this factor is at best neutral.  Id.

6. Adequacy of State Proceedings.  Under Moses Cone, this factor can only

be neutral or weigh against, not for, abstention.  Evanston Ins., 844 F.2d at 1193.  "A party who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings."  Id.  Here, the factor is, at best, neutral.

Therefore, Colorado River abstention is not warranted on the federal counterclaims by Defendant, R. D. Briscoe, against Plaintiff, BP.  Because this Court must balance these factors with a "thumb on the scale" in favor of the exercise of jurisdiction, abstention on R. D. Briscoe's counterclaims is inappropriate.  This Court must exercise its "virtually unflagging obligation" to exercise jurisdiction over R. D. Briscoe's counterclaims.  Colorado River, 424 U.S. at 817, 96 S.Ct. at 1248.  Therefore, this Court does not disregard its obligation to exercise jurisdiction over R. D. Briscoe's counterclaims, despite the fact that the counterclaims against BP are "duplicative."

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Dismiss on the Doctrine of Abstention be and is hereby **DENIED**.

Shreveport, Louisiana, this 9th day of November, 2010.


ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE