# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

BP AMERICA PRODUCTION CO.

VERSUS

R. D. BRISCOE, INC.

CIVIL ACTION NO. 08-cv-01895

JUDGE ELIZABETH ERNY FOOTE

MAGISTRATE JUDGE HORNSBY

## ORDER

Plaintiff BP America Production Co. seeks to dismiss Defendant R. D. Briscoe, Inc.'s Counterclaims pursuant to Rule 12(b)(6).  [Record Document 50].  Applying Ashcroft v. Iqbal, this Court holds that Defendant has sufficiently alleged a contractual or quasi-contractual claim.  However, Defendant's counterclaim fails to sufficiently allege the following causes of action: breach of fiduciary duty, intentional misrepresentation or fraud, tortious interference with contract, violation of the Louisiana Unfair Trade Practices Act, and "other acts and omissions" to be proved at trial.  This Court grants Defendant leave to amend its counterclaim within thirty (30) days, and **DENIES** Plaintiff's Motion to Dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The Court finds that R. D. Briscoe has sufficiently alleged the following facts:

1.      BP agreed with EOG to market and sell oil and gas to which R. D. Briscoe had an interest.

2.      BP agreed with EOG to assume the obligation of paying and settling accounts with the mineral royalty owners.

3.      BP and EOG engaged in systematic under-measurements of oil and/or gas production, over-charging of processing costs, commingling of minerals with other sources, and other breaches, the cumulative result of which was the under-payment of royalties to R. D. Briscoe.

Given these allegations, the Court finds that R. D. Briscoe has stated sufficient facts to give rise to plausible third-party beneficiary or unjust enrichment claims. Louisiana courts will find a stipulation benefitting a third-party, also referred to as a stipulation pour autrui, when the stipulation for the third party is manifestly clear, there is certainty as to the benefit provided the third party, and the benefit is not merely incidental to the contract. See La. Civ. Code art. 1978; Joseph v. Hops. Serv. Dist. No. 2 of the Parish of St. Mary, 2005-2364 (La. 10/15/06), 939 So. 2d 1206, 1211-13; see also City of Shreveport v. Gulf Oil Corp., 431 F. Supp. 1, 4-5 (W.D. La. 1975). Here, the SFJL Agreement effectively assigned from EOG to BP an obligation to market oil and gas produced on the lands leased by R. D. Briscoe. The contracts apparently obligated BP to market and sell oil and gas pooled with the oil and gas produced pursuant to the Spider Field James Lime Agreement dated December 15, 2004 ("SFJL Agreement").[1]  R.

_____

[1]The Court notes that the SFJL Agreement was attached to Defendant's Memorandum in Opposition to Plaintiff's Motion to Dismiss the Counterclaims.  Some

D. Briscoe had a royalty interest in oil and gas pooled in this fashion.  Further, the contracts apparently obligated BP to pay royalties to R. D. Briscoe, as a mineral royalty owner, for this oil and gas.  The counterclaim alleges that, for a time, BP directly paid R. D. Briscoe for its mineral royalty interest.  Given this, R. D. Briscoe has sufficiently alleged a plausible entitlement to relief against BP for a violation of the stipulation pour autrui.[2]  See City of Shreveport, 431 F. Supp. at 4 (in which the court held the contract was not made to obtain discharge of any legal obligation owed by promissee and therefore did not contain a stipulation pour autrui.).

At the very least, Briscoe has sufficiently alleged a breach of a quasi-contract by BP.  Louisiana courts will find a quasi-contractual remedy for unjust enrichment when one is enriched at the expense of another; there is no justification or cause for the

---

District Courts within the Fifth Circuit have refused to consider attachments to a plaintiffs opposition brief in consideration of a motion to dismiss.  See Nguyen v. St. Paul Travelers Ins. Co., 2008 WL 4534395, *3 n.1 (E.D. La. Oct. 6, 2008).  However, other courts would permit consideration of documents attached to plaintiff's opposition papers.  See, e.g., Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment."); Dortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991); Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).  Plaintiff BP does not raise an issue as to consideration of this contract.  Given that this Court will grant leave to amend the counterclaim, it will consider this contract at this time, but urges that the SFJL Agreement and all its purported Exhibits be attached to any amended counterclaim.

[2]This Court can find no Louisiana reported cases stating that a stipulation pour autrui exists in favor of a mineral interest owner in like circumstances.  This Order should not be construed as a merits determination that a stipulation pour autrui exists. It should only be construed as a determination that Defendant has stated a plausible claim that such a stipulation exists.

enrichment; and there is no other remedy at law.  La. Civ. Code art. 2298; Baker v. Maclay Props. Co., 94-1529 (La. 1/17/95), 648 So. 2d 888, 897.  Here, R. D. Briscoe alleges that BP has withheld royalty payments due to R. D. Briscoe.  The royalty payments withheld must redound to the benefit of some party, and it is plausible that these payments benefitted BP.  Thus, R. D. Briscoe has sufficiently alleged an unjust enrichment claim.

R. D. Briscoe's other claims have not been sufficiently plead.  R. D. Briscoe provides only conclusory allegations that BP owed it a fiduciary duty. (Countercl. ¶¶ 49, 51, 67).  Fiduciary duties arise only in limited circumstances and only out of special legal relationships between the parties.  The alleged fact that an obligor owes an obligee money for the use or sale of the obligee's property does not in and of itself give rise to such a relationship.  For example, La. Rev. Stat. 31:122 provides: "A mineral lessee is not under a fiduciary obligation to his lessor."  Likewise, R. D. Briscoe has not stated with sufficient particularity its claim for intentional misrepresentation or fraud. (Countercl. ¶¶ 44-46); see Fed. R. Civ. P. 9(b); Hart v. Bayer Corp., 199 F.3d 239, 248, n.6 (5th Cir. 2000); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067-68 (5th Cir. 1994).  R. D. Briscoe has not stated an entitlement to relief under Louisiana law for tortious interference with contract, 9 to 5 Fashions, Inc. v. Spurney, 538 So. 2d 228 (La. 1989), or under the Louisiana Unfair Trade Practices Act, La. Rev. Stat. 51:1401, et al.; Computer Mgmt. Asst. Co. v. Robert F. DeCastro, Inc., 220 F.3d 396, 404-05 (5th Cir. 2000).  Finally, R. D. Briscoe's claim for "other acts and omissions to be

proven at trial on the merits" is wholly insufficient to withstand dismissal under Rule 12(b)(6). Conley v. Gibson, 355 U.S. 41 (1957).

Nonetheless, dismissal under Rule 12(b)(6) should be withheld until after the claimant has been given at least one opportunity to amend. See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002); 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004) (noting that such course is a "wide judicial practice . . . that is commonly followed").

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motion to Dismiss Defendant's counterclaims is **DENIED** and Defendant is given an opportunity to amend its counterclaim.

Defendant must amend its counterclaim on or before January 7, 2011. Plaintiff's answer or responsive pleading to this counterclaim is due on or before January 28, 2011.

Shreveport, Louisiana, this 8th day of December, 2010.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE